**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:   ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 South Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail:   scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MCMULLIN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NUVISION FEDERAL CREDIT UNION and DENALI. A division of Nuvision Credit Union,<br><br>        Defendants. | Case No.  8:20-cv-586<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1  Paul McMullin ("Plaintiff"), individually and on behalf of all others similarly
2  situated, alleges the following upon information and belief against Defendants
3  Nuvision Federal Credit Union ("Nuvision") and Denali. A division of Nuvision
4  Credit Union ("Denali") (collectively, "Defendants") regarding Defendants'
5  violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the
6  "TCPA").  Plaintiff brings this Complaint to stop Defendants' practice of making
7  unsolicited debt collection robocalls to the telephones of consumers nationwide, and
8  to obtain redress for all persons injured by Defendants' conduct.  Plaintiff alleges as
9  follows upon personal knowledge as to themselves and their own acts and
10 experiences, and, as to all other matters, upon information and belief, including
11 investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendants regularly called Mr. McMullin's cellular telephone number using an automatic telephone dialing system ("ATDS") and/or prerecorded voice without his prior consent, including a call from the number 907-339-2550 on December 19, 2019.

2. On each of the calls, Defendants sought to collect a debt from someone who is not Mr. McMullin.  When the calls first began, Mr. McMullin picked up the phone and informed Defendants that he was not the person Defendants was looking for.  Yet, Defendants continued to harass Mr. McMullin with calls.

3. On many of the calls, Mr. McMullin would hear a momentary pause when he picked up the phone before a live person spoke.  The pause is a hallmark of an automatic telephone dialing system ("ATDS").  According to the Federal Communications Commission and experts on telecommunications equipment, an ATDS has the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then text those numbers.

4. On the other calls, Mr. McMullin heard prerecorded messages from Defendant when he picked up the phone.

5. Mr. McMullin never provided consent to be called by Defendants using an ATDS or by pre-recorded voice.

6. The unlawful calls placed to Plaintiff are part of Defendants' pattern or practice of calling consumers on their cellular telephones using an autodialer and/or artificial or prerecorded voice who have no direct relationship with Defendants, and/or are not the proper subjects of the calls.

7. Defendants' calls violated the TCPA because Defendants placed these calls with an artificial or prerecorded voice and/or a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

8. Defendants conducted (and continue to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

9. By making these automated and autodialed calls, Defendants caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

10. Furthermore, Defendants made the calls knowing they interfered with Plaintiff's and the other members of the Class's use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

11. Moreover, a number of the calls were made while Plaintiffs and other members of the Class were at home, thus intruding upon the sanctity and privacy of their homes.

12. Upon information and belief, Defendants have made and continue to make similar calls to consumers without prior authorized consent, including persons who are not the true subject of Defendants' calls. In so doing, Defendants not only invaded the personal privacy of Plaintiffs and members of the putative Class, but also repeatedly violated the TCPA.

13. Complaints about Defendants' practice are manifest. Users have reported Defendants' number online as "unsafe."[1]

14. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff files the instant lawsuit on behalf of themselves and the putative Class and seeks an injunction requiring Defendants to cease its TCPA violations, adequately ensure that it is only calling numbers that are in fact associated with persons from whom it has received prior express consent, and pay statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

**PARTIES**

15. Plaintiff Paul McMullin is, and at all times mentioned herein was, a resident of Tuskegee, Alabama, and a citizen of the State of Alabama.

16. Defendant Nuvision Federal Collection Agency is a corporation that maintains, and at all times mentioned herein maintained, its corporate headquarters at

---

[1] +1 907-339-2550, CALLERNAME, http://callername.com/9073392550 (last accessed Mar. 17, 2020).

7812 Edinger Avenue, Huntington Beach, California 92647. Defendant Nuvision is a "person" as defined by 47 U.S.C. § 153(39).

17. Defendant Denali. A division of Nuvision Credit Union, is a corporation that maintains, and at all times mentioned herein maintained, its corporate headquarters at 440 E. 36th Ave., Anchorage, Alaska 99503. Defendant Denali is a "person" as defined by 47 U.S.C. § 153(39).

18. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

19. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

20. This Court has personal jurisdiction over Defendants because Defendants have personally availed themselves of the privilege of conducting business in this district. Further, Defendant Nuvision maintains its headquarters in this District.

21. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this action occurred in this District.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of themselves and all other persons similarly situated.

23. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on

behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated."

24. Plaintiff represents, and is a member of, the proposed Class. Excluded from the Class are Defendants and any entities in which Defendants has a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

25. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendants' business, that the Class are so numerous that individual joinder would be impracticable.

26. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls, wasted time spent answering these calls, and violations of their statutory rights.

27. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

28. The proposed Class can be easily identified through records maintained by Defendants.

29. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

(a) Whether Defendants made calls to Plaintiff and the Class using an ATDS and/or an artificial or prerecorded call without their prior express written consent;

(b) Whether Defendants' conduct was knowing and/or willful;

(c) Whether Defendants is liable for damages, and the amount of such damages; and

(d) Whether Defendants should be enjoined from engaging in such conduct in the future.

30. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received calls on their cellular or landline telephones and were not the intended recipient of those calls, nor did they consent to those calls.

31. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class and has no interests which are antagonistic to any member of the proposed Class.

32. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

33. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA.

34. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

35. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because members of the Class, by

definition, did not provide the prior express written consent required under the statute to authorize calls to their cellular or landline telephones.

36. Defendants has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

37. Moreover, upon information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *et seq.*

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. Plaintiff brings this claim against Defendants on behalf of themselves, and members of the Class.

40. Defendants made numerous unauthorized calls to Plaintiff's cell phone using an artificial or pre-recorded voice and/or an ATDS without prior express consent.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA.

42. As a result of Defendants' violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. §§ 64.1200, *et seq.,* Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

44. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *et seq.*

45. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

47. The foregoing acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA.

48. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.* and 47 C.F.R. §§ 64.1200, *et seq.*, Plaintiffs and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

49. Plaintiffs and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

50. Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the Class as follows:

(a) Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

(b) As a result of Defendants' violations of the TCPA, Plaintiff seeks for themselves and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

(c) As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

(d) An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

(e) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Class, finding that Plaintiff is the proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

(f) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: March 24, 2020                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
       L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com

|  |  |
|---|---|
| 1 | **BURSOR & FISHER, P.A.** |
| 2 | Scott A. Bursor (State Bar No. 276006) |
|  | 2665 South Bayshore Drive, Suite 220 |
| 3 | Miami, FL 33133 |
|  | Telephone: (305) 330-5512 |
| 4 | Facsimile:  (305) 676-9006 |
| 5 | E-Mail:   scott@bursor.com |
| 6 | *Attorneys for Plaintiff* |